UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:24-cr-9-TJC-PDB
18 U.S.C. § 152(1)
18 U.S.C. § 152(2)

NEIL METZGER

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On May 23, 2022, in the Middle District of Florida, the defendant,

NEIL METZGER,

did knowingly and fraudulently conceal from creditors and a United States Trustee, funds from the following bank account, which contained assets belonging to the debtor's estate, in connection with the case, In re Pegasus Services Group, LLC, Case Number 3:22-bk-01043-BAJ, in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division which was filed under Title 11 of the United States Code:

| Account Number | Financial Institution | Amount |
|---|---|---|
| XXXXXXXXX0382 | Financial Institution 1 | $168,000 |

In violation of 18 U.S.C. § 152(1).

## COUNT TWO

On or about July 6, 2022, in the Middle District of Florida, the defendant,

NEIL METZGER,

in or in relation to a case filed under Title 11 of the United States Code in the United States Bankruptcy Court, for the Middle District of Florida, Jacksonville Division, did knowing and fraudulently make a false statement under oath during his sworn testimony at a Section 341 creditors hearing conducted by the bankruptcy trustee, specifically stating that all information on the Statement of Financial Affairs Form 207 was accurate and included all of the debtor's assets and debts, when in fact he knew that the information regarding the debtor's assets and debts was false.

In violation of 18 U.S.C. § 152(2).

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. §§ 152(1) or 152(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and

28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
JOHN CANNIZZARO
Assistant United States Attorney

By: _____
FRANK M. TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
1/12/24 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

NEIL METZGER

INDICTMENT

Violations: 18 U.S.C. § 152(1) and 18 U.S.C. § 152(2)

A true bill,



_____
Foreperson

Filed in open court this 17th day

of January, 2024.

_____
Clerk

Bail  $ _____

GPO 863 525